UNITED STATES DISTRICT COURT  RECEIVED + FILED
BANKRUPTCY DIVISON  2021 MAR -4  AM 8: 09
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION  CLERK. US BANKRUPTCY COURT
EASTERN DISTRICT
ST LOUIS. MISSOURI MO

In Re: )
 )
ROBERT J. AMBRUSTER, INC., )
 )
Debtor, )
 )
JEFFREY M. MIZE, )
 )
Plaintiff, )
 )
v. )
 )
ROBERT C. DRACE, )
 )
Defendant, )

Cause No. 20-44289

Adv. P. No. _____

Chapter 11

Combined Petition

2021 MAR -3  RECEIVED + FILED  AM 10: 58  Return No Payment JC

### PETITION FOR ADVERSARY PROCEEDING COMPLAINT
### FOR DECLARATORY JUDGMENT;
### PETITION TO PIERCE THE CORPORATE VEIL;
### PETITION FOR INJUNCTION & DISCHARGE ORDER;
### PETITION FOR SANCTIONS AND/OR DAMAGES

**Comes Now,** Jeffrey M. Mize, Plaintiff/Movant, Creditor, Aggrieved Party in Interest, in his

own behalf, pursuant to U.S.B.C.§110; F.R.B.P.§7001 (9); F.R.C.P.§65; F.R.B.P.§9011 (b), (c);

L.R.§7003; and Mo. Const. art. I §10 . Hereby, moves and provides his Combined Petition:

Petition for Adversary Proceeding Complaint for Declaratory Judgment; Petition to Pierce to

Corporate Veil; Petition Injunction & Discharge Order; Petition for Sanctions and/or Damages.

### I. JURISDICTION

28 U.S.C. § 1334(a) gives the Federal Courts "original and exclusive jurisdiction over cases

under Title 11"- in other words, bankruptcy cases themselves. 28 U.S.C. § 1334(b) gives Federal

Courts non-exclusive jurisdiction over "all civil proceedings arising under Title 11 or arising in

or related to cases under Title 11." Such civil proceedings are divided into two categories: core

proceedings and non-core, related-to proceedings. *Specialty Mills, Inc. v. Citizens State Bank,* 51

F.3d 770, 773 (8th Cir. 1995); *In re Farmland Indus., Inc.,* 567 F.3d 1010, 1017 (8th Cir. 2009).

Core proceedings are those cases arising under Title 11 or arising in a case under Title 11. Non-

Core, related-to proceedings are those which "could conceivably have [an] effect on the estate being administered in bankruptcy. "[F]or courts to assert jurisdiction over a proceeding related to a bankruptcy case, the proceeding must have some effect on the administration of the debtor's estate." This is a core proceeding pursuant to 28 U.S.C. § 157. This Court has jurisdiction over the parties and the bankruptcy matter pursuant to 28 U.S.C. § 151; 157; and 1334, and L.R. 81-9.01 of the United States District Court, Eastern District of Missouri.

This Court has original jurisdiction under 28 U.S. Code § 1332 (a)(1) - Diversity of citizenship of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States. Accordingly, this Bankruptcy Court should properly exercise subject matter jurisdiction in holding the adversarial proceeding in the Bankruptcy home court for good cause and in the interest to maintain substantial justice.

There is much support for the proposition that bankruptcy courts retain jurisdiction over core proceedings beyond the underlying bankruptcy case. *In re Williams,* 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) (*citing Post v. Ewing (In re Post* ), 119 B.R. 566, 567 (S.D.Ohio 1989); *Davis v. Courington (In re Davis )*, 177 B.R. 907, 911 (9th Cir. BAP 1995); *In re Hardy*, 209 B.R. 371, 373 (Bankr.E.D.Va.1997)); *In re Porges,* 44 F.3d 159 (2d Cir. 1995)

## II. PARTIES

Plaintiff: Jeffrey M. Mize, individual, aggrieved party in interest, Creditor, resides in the State of Wisconsin, County of Door. Plaintiff is a purported creditor and/or contingent creditor of the Debtor. Plaintiff has a genuine legal protectable interest in the said matter.

Defendant: Robert C. Drace, individual, Debtor Representative, resides in the State of Missouri, County of St. Louis.

## III. COMPLAINT

COUNTS:      I.  DUE PROCESS VIOLATION
II. MISREPRESENTATION
III. NEGLIGENCE
IV. CONCEALMENT
V. MISAPPROPRIATION OF FUNDS/EMBEZZLEMENT
VI. CONVERSION
VII. BREACH OF DUTY

VIII. UNJUST ENRICHMENT
IX. CIVIL CONSPIRACY
X. FRAUD ON THE COURT
XI. BANKRUPTCY FRAUD

## IV. STATEMENT

1. The Plaintiff's eleven-count Petition alleges that the defendant Robert C. Drace behind the veil of the Debtor did make false declarations, made misrepresentations, omitted material facts, used deception, and engaged in unfair practices of abuse of power. The Plaintiff also makes alter ego allegations concerning the way the defendant operated the business under the domination control of Robert C. Drace. The Plaintiff seeks the following relief for the alleged misconduct in its Federal Court Petition as indicated below. Plaintiff is aggrieved by the use of the unlawful, unfair, or deceptive acts and practices of the defendant (Debtor) alleged herein.

2. The Bankruptcy Court should hold that Plaintiff can maintain a cause of action for unjust enrichment against the defendant because of fraud. *Peerless Packing Co., Inc., v. Malone & Hyde, Inc.,* 180 W.Va. 267, 376 S.E.2d 161 (1988).

3. Here, A justiciable controversy exists because the Plaintiff who has a legally protectable interest at stake, a substantial controversy exists between the parties with genuinely adverse interests, and that controversy is ripe for judicial determination. *Mo. Health Care Ass'n v. Atty. Gen. of the State of Mo.,* 953 S.W.2d 617, 620 (Mo. banc 1997); *Mo. Soybean Ass'n,* 102 S.W.3d at 26; *Mo. State Med. Ass'n,* 256 S.W.3d at 87. As established herein, Plaintiff has sufficiently demonstrated creditor standing and therefore has a legally protectable interest at stake in the bankruptcy litigation. His moving actions further establishes the requisite controversy between the debtor, the defendant and himself as to the representations made to this Court and the Plaintiff as a creditor is alleging the unconstitutional nature of actions of the defendant, the Debtor and debtor Attorney by their failure to provide proper Notice. Lastly, the controversy is ripe. A ripe controversy exists if the parties' dispute is developed sufficiently to allow the court to make an accurate determination of the facts, to resolve a conflict that is presently existing, and to grant specific relief of a conclusive character in favor of the Plaintiff. Here, the requirements for ripeness are met. This independent lawsuit in this bankruptcy procedure is permissible and authorized under the Court Rules. To expose the acts and conduct of the fraudulent behavior of

the defendant when it belongs to or is characterized by fraud. Fraud is defined as an instance or act of trickery or deceit especially when involving misrepresentation, an act of deluding.

4. Plaintiff contends, this instant action is brought forth in the Plaintiff individual capacity. Plaintiff has an equitable interest, a pecuniary interest, and a material genuine interest in the property of the debtor. Plaintiff has a strong desire to hold the defendant Robert C. Drace liable for his misdeeds, fraud and misrepresentations that were made to a State Agency (Missouri Secretary of State), a Missouri State Court, and now in a Federal Court. (Emphasis Added).

5. Plaintiff contends, that the statement and the allegations herein as described shall not be construed that the Plaintiff is attempting to represent the debtor interest, to represent a Trust, or to represent any other party. Plaintiff is only attempting to supply "issues of fact" and "statement of facts" to protect his own equitable interest, a pecuniary interest, and a material genuine interest in the underlying bankruptcy procedure of law. (Emphasis Added).

The instant moving action for Adversary Proceeding for Declaratory Judgment is brought forth for:

    I.      A declaration determination of Plaintiff Rights

    II.     A declaration determination of the validity of the State Court Judgments against the Plaintiff from Cause No. 15SL-CC00798 in the amount of $135,509.00 and $66,350.00 as indicated in this bankruptcy matter.

    III.    A declaration determination of Robert C. Drace as purported President of Robert J. Ambruster, Inc., in a bankruptcy procedure of law.

    IV.    A declaration determination of the "Good Standing" of Robert J. Ambruster, Inc.

    V.     A declaration determination of the Statutory Construction and Interpretation of Chapter 351 RSMO as applied to the debtor. "The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. A court will look beyond the plain meaning of the statute only when the language is ambiguous or would lead to an absurd or illogical result." *Akins v. Director of Revenue*, 303 S.W.3d 563, 565 (Mo. banc 2010)

VI.    A declaration determination of the validity of the Corporate By-Laws (1931) as applied to the debtor.

VII.    A declaration determination of the validity of the Debt owed by the Corporation to Robert C. Drace in the amount of $124,904.67.

VIII.    A declaration determination of the validity of the Debt owed by the Corporation to WasingerDaming, LC in the amount of $117,000.00.

IX.    A declaration determination of the validity of the Debt owed by the Corporation to Danka Brown in the amount of $25,000.00.

X.    A declaration determination of the ownership of the purported Property (Artwork and Furnishings) Addendum D.

XI.    A declaration determination of the validity of the Quit Claim Deed of 9-2-2020

XII.    A declaration determination of the use of Corporate Funds for private interest not to the benefit of and detrimental to the Debtor. Addendum F; G.

XIII.    A declaration determination of the acts and conduct of the defendant behind the Veil (shield) of the Debtor that provide the appearance of gross negligence.

XIV.    A declaration determination of the validity of the Addendums including A; B; D; F; and G.

XV.    A declaration of "issues of fact" for "Findings of Fact" to resolve the controversary before this Court that are in the ripened state for a just adjudication based on the evidence and the rule of law that warrants relief.

## V. PROCEDURAL BACKGROUND HISTORY

9-3-2020 Doc. #1 Chapter 11 Voluntary Petition Non-Individual, Schedules and Statements. Fee Amount $1717 Filed by Robert J. Ambruster, Inc. Summary of Assets and Liabilities due 9/17/2020. Schedule A/B due 9/17/2020. Schedule C due 9/17/2020. Schedule D due 9/17/2020. Schedule E/F due 9/17/2020. Schedule G due 9/17/2020. Schedule H due 9/17/2020. Schedule I due 9/17/2020. Schedule J due 9/17/2020. Declaration Concerning Debtors Schedules due 9/17/2020. Statement of Financial Affairs due 9/17/2020. Chapter 11 Income Form 122B due 9/17/2020. Credit Counseling Date: 9/17/2020. (Redden-Jansen, Angela)

9-5-2020 Doc. #4 Amended Voluntary Petition to to Amend the Petition toCheck the Box to Indicate this Matter is to proceed under Subchapter V Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Redden-Jansen, Angela)

9-6-2020 Doc. #9 Declaration re: *of Debtor in Support of Petition and First Day Motions* Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)5 Application to Employ Angela Redden-Jansen as Counsel for Debtor in Possession, 6 Application to Employ Ryan Geringer, Pace Properties, Inc. as Commercial Real Estate Broker, 7 Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366 , 8 Application to Continue Insurance Coverage). (Redden-Jansen, Angela)

9-10-2020 Doc. #21 Meeting of Creditors 341(a) meeting to be held on 10/13/2020 at 10:30 AM Office of US Trustee Teleconference Call 1-866-705-0185. Once prompted, enter 7914594. Proofs of Claim due by 11/12/2020. Last day to oppose discharge or dischargeability is 12/14/2020.

9-17-2020 Doc. #24 Notice of Appearance and Request for Notice by James S. Cole Filed by Creditor Wasinger Daming, LC. (Cole, James)

10-7-2020 Doc. #37 Schedule A/B: Property Chapter 11 or Chapter 9 Cases Non- Individual: , Schedule D: Chapter 11 or Chapter 9 Cases Non- Individual: ,Schedule E/F: Chapter 11 or Chapter 9 Cases Non- Individual:, Schedule G: Chapter 11 or Chapter 9 Cases Non- Individual: , Schedule H: Chapter 11 or Chapter 9 Cases Non- Individual: , Statement of Corporate Ownership , Statement of Financial Affairs for Chapter 11 or Chapter 9 Cases Non- Individual: , Summary of Assets and Liabilities Schedules for Chapter 11 or Chapter 9 Cases Non- Individual: , Chapter 11 or Chapter 9 Cases Non- Individual: 20 Largest Unsecured Creditors , Amended List of Creditors and Verification of Matrix. Fee Amount $31 Filed by Debtor Robert J. Ambruster, Inc.. (Redden-Jansen, Angela) NOTE: MATRIX AND VERIFICATION OF MATRIX FILED DO NOT STATE THEY ARE AMENDED, HOWEVER, WITH THE ADDITIONAL INFORMATION PROVIDED THERE IS AN INDICATION THAT THESE SCHEDULES HAVE BEEN AMENDED. Modified on 10/9/2020

10-7-2020 Doc. #39 Support/Supplement Re: *Memorandum Regarding Amended Schedules.* Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s) 37 Schedule A/B:

Property, Schedule D, Schedule G, Schedule H, Statement of Corporate Ownership, Statement of Financial Affairs, Summary of Assets and Liabilities Schedules, 20 Largest Unsecured Creditors, Amended List of Creditors and Verification of Matrix). (Redden-Jansen, Angela)

10-21-2020 Meeting of Creditors Held and Concluded. Trustee certifies debtor provided payment advices or other documents required under 11 U.S.C. 521(a)(1)(B)(iv), if applicable. Filed by U.S. Trustee Daniel J. Casamatta. (Schlotzhauer, Joseph)

10-23-2020 Doc. #43 Notice and Certificate of Service: Not Filed. Filed by U.S. Trustee Daniel J. Casamatta (RE: related document(s) 21 Meeting of Creditors 341(a) meeting to be held on 10/13/2020 at 10:30 AM Office of US Trustee Teleconference Call 1-866-705-0185. Once prompted, enter 7914594. Proofs of Claim due by 11/12/2020. Last day to oppose discharge or dischargeability is 12/14/2020.). (Schlotzhauer, Joseph)

11-24-2020 Doc. #44 Consent Motion for Relief from Stay. Filed by Creditors Patricia Elking, Bernard Elking (Hayes, Thomas)

12-7-2020 Doc. # 45 Motion For Leave to File Out of Time Notice of Appearance and Request for Notice Filed by Creditor Jeffrey M Mize

12-7-2020 Doc. #46 Creditor Request for Notices Filed by Creditor Jeffrey M Mize

12-9-2020 Doc. #53 Consent Motion for Relief from Stay. Filed by Creditors Bernard Elking, Patricia Elking (Attachments: # 1 Exhibit Exhibit A # 2 Exhibit Exhibit B) (Hayes, Thomas)

12-11-2020 Doc. #58 Order Granting Consent Motion for Relief from Stay (Related Doc # 53)

12-15-2020 Doc. #61 Response Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)45 Motion For Leave to File Out of Time Notice of Appearance and Request for Notice Filed by Creditor Jeffrey M Mize). (Redden-Jansen, Angela)

12-21-2020 Doc. #63 Chapter 11 Plan. Certificate of Service: Filed. Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)1 Voluntary Petition (Chapter 11), 19 Scheduling Order). (Redden-Jansen, Angela)

12-29-202 Doc. #64 Motion For Leave to File Formal Written Objection with Attached Exhibits to the Schedule Writings and Affidavits Submitted by Robert C. Drace on Behalf of Debtor Robert J. Ambruster, Inc., Motion For Contempt Filed by Creditor Jeffrey M Mize.

12-31-2020 Doc. #65 Reply Filed by Creditor Jeffrey M Mize (RE: related document(s)61 Response Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)45 Motion For Leave to File Out of Time Notice of Appearance and Request for Notice Filed by Creditor Jeffrey M Mize).

12-31-2020 Doc. #66 Motion for Relief from Stay . Fee Amount $188, Filed by Creditor Jeffrey M Mize

12-31- 2020 Doc. #68 Request for Telephonic Hearing Filed by Creditor Jeffrey M Mize (RE: related document(s)45 Motion to For Leave to File Out of Time Notice of Appearance and Request for Notice, 64 Motion to For Leave to File Formal Written Objection with Attached Exhibits to the Schedule Writings and Affidavits Submitted by Robert C. Drace on Behalf of Debtor Robert J. Ambruster, Inc., Motion For Contempt, 66 Motion for Relief from Stay. Fee Amount $188,).

1-5-2021 Doc. #69 Order Setting Telephonic Hearing (RE: related document(s)64 Generic Motion filed by Creditor Jeffrey M Mize, 66 Motion for Relief From Stay filed by Creditor Jeffrey M Mize, 68 Request For Telephonic Hearing filed by Creditor Jeffrey M Mize). Hearing to be held on 1/26/2021 at 10:00 AM Bankruptcy Courtroom 7 South for 68 and for 66 and for 64,

1-11-2021 Doc. #73 Objection to Confirmation of Plan Filed by Creditor Jeffrey M Mize (RE: related document(s)63 Chapter 11 Plan. Certificate of Service: Filed. Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)1 Voluntary Petition (Chapter 11), 19 Scheduling Order).).

1-11-2021 Doc. #74 Support/Supplement Re: Motion for Contempt Filed by Creditor Jeffrey M Mize (RE: related document(s)64 Motion to For Leave to File Formal Written Objection with Attached Exhibits to the Schedule Writings and Affidavits Submitted by Robert C. Drace on Behalf of Debtor Robert J. Ambruster, Inc., Motion For Contempt).

1-15-2021 Doc. #76 Notice of Hearing Filed by Creditor Jeffrey M Mize (RE: related document(s)64 Motion For Leave to File Formal Written Objection with Attached Exhibits to the Schedule Writings and Affidavits Submitted by Robert C. Drace on Behalf of Debtor Robert J. Ambruster, Inc., Motion For Contempt Filed by Creditor Jeffrey M Mize). Hearing to be held on 2/9/2021 at 10:00 AM Bankruptcy Courtroom 7 South for 64,

1-19-2021 Doc. #77 Motion for Adversary Proceeding, Motion for 2004 Examination of Robert C. Drace Filed by Creditor Jeffrey M Mize

1-19-2021 Doc. #79 Request for Notice of Lis Pendens Filed by Creditor Jeffrey M Mize

1-21-2021 Doc. #80 Objection *to Motion for Relief from Stay* Filed by Trustee Stephen D. Coffin (RE: related document(s)66 Motion for Relief from Stay. Fee Amount $188, Filed by Creditor Jeffrey M Mize). (Coffin, Stephen)

1-22-2021 Doc. #82 Motion for Permissible Discovery Filed by Creditor Jeffrey M Mize

1-22-2021 Doc. #83 Response Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)64 Motion For Leave to File Formal Written Objection with Attached Exhibits to the Schedule Writings and Affidavits Submitted by Robert C. Drace on Behalf of Debtor Robert J. Ambruster, Inc., Motion For Contempt Filed by Creditor Jeffrey M Mize, 66 Motion for Relief from Stay. Fee Amount $188, Filed by Creditor Jeffrey M Mize, 68 Request for Telephonic Hearing Filed by Creditor Jeffrey M Mize (RE: related document(s)45 Motion to For Leave to File Out of Time Notice of Appearance and Request for Notice, 64 Motion to For Leave to File Formal Written Objection with Attached Exhibits to the Schedule Writings and Affidavits Submitted by Robert C. Drace on Behalf of Debtor Robert J. Ambruster, Inc., Motion For Contempt, 66 Motion for Relief from Stay. Fee Amount $188,).). (Redden-Jansen, Angela)

1-25-2021 Doc. #85 Notice of Joinder of Plaintiff/Movant to the Motion for Permissible Discovery filed by Creditor Jeffrey M. Mize, Certificate of Service: Filed. Filed by Interested Party Deborah Drace (RE: related document(s)82 Motion for Permissible Discovery Filed by Creditor Jeffrey M Mize).

1-26-2021 Doc. #86 Motion for Judicial Order Directed at the Chapter 11 Sub-Chapter V Trustee to Conduct a Formal Investigation of Robert J. Ambruster, Inc., Motion for Evidentiary Hearing Filed by Creditor Jeffrey M Mize

1-26-2021 Hearing Held (RE: related document(s)66 Motion for Relief From Stay filed by Creditor Jeffrey M Mize) - Denied without prejudice, order to follow.

1-27-2021 Doc. # 90 Affidavit Re: Jeffrey M Mize Filed by Creditor Jeffrey M Mize (RE: related document(s)77 Motion to Adversary Proceeding, Motion to 2004 Examination of Robert C. Drace).

1-27-2021 Doc. #91 Support/Supplement Re:Motion for 2004 Examination of Robert C Drace Filed by Interested Party Deborah Drace (RE: related document(s)78 Motion to 2004 Examination of Robert C Drace).

1-27-2021 Doc. #92 Response Filed by Creditor Jeffrey M Mize (RE: related document(s) 80 Objection *to Motion for Relief from Stay* Filed by Trustee Stephen D. Coffin (RE: related document(s)66 Motion for Relief from Stay. Fee Amount $188, Filed by Creditor Jeffrey M Mize).).

1-29-2021 Doc. #93 Order Setting Briefing Schedule. Initial Briefs Due : 3/5/2021. Reply Briefs Due 3/19/2021. (RE: related document(s)64 Generic Motion filed by Creditor Jeffrey M Mize, Motion for Contempt, 83 Response filed by Debtor Robert J. Ambruster, Inc., 84 Support/Supplement filed by Debtor Robert J. Ambruster, Inc.).

2-1-2021 Doc. #98 Motion for Deborah L. Drace to Substitute Robert C. Drace as Representative for Debtor, Motion For Expedited Evidentiary Hearing, Motion For Sanctions Filed by Interested Party Deborah Drace (pri, m) Modified on 2/1/2021

2-10-2021 Doc. # 102 Combined Objection to First Interim Fee Application of Subchapter V Trustee for Order approving Trustee Fees as a Chapter 11 Administrative Expense and Objection to Petition, Schedules, Affidavits, and Plan Filed by Interested Party Deborah Drace (RE: related document(s)4 Amended Voluntary Petition to to Amend the Petition toCheck the Box to Indicate this Matter is to proceed under Subchapter V Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)1 Voluntary Petition (Chapter 11))., 37 Schedule A/B: Property Chapter 11

or Chapter 9 Cases Non- Individual: , Schedule D: Chapter 11 or Chapter 9 Cases Non-Individual: ,Schedule E/F: Chapter 11 or Chapter 9 Cases Non- Individual:, Schedule G: Chapter 11 or Chapter 9 Cases Non- Individual: , Schedule H: Chapter 11 or Chapter 9 Cases Non-Individual: , Statement of Corporate Ownership , Statement of Financial Affairs for Chapter 11 or Chapter 9 Cases Non- Individual: , Summary of Assets and Liabilities Schedules for Chapter 11 or Chapter 9 Cases Non- Individual: , Chapter 11 or Chapter 9 Cases Non- Individual: 20 Largest Unsecured Creditors , Amended List of Creditors and Verification of Matrix. Fee Amount $31 Filed by Debtor Robert J. Ambruster, Inc.. (Redden-Jansen, Angela) NOTE: MATRIX AND VERIFICATION OF MATRIX FILED DO NOT STATE THEY ARE AMENDED, HOWEVER, WITH THE ADDITIONAL INFORMATION PROVIDED THERE IS AN INDICATION THAT THESE SCHEDULES HAVE BEEN AMENDED. Modified on 10/9/2020 ., 63 Chapter 11 Plan. Certificate of Service: Filed. Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)1 Voluntary Petition (Chapter 11), 19 Scheduling Order)., 95 Application for Administrative Expenses *Subchapter V Trustee Fees* Filed by Hearing scheduled 3/9/2021 at 10:00 AM at Bankruptcy Courtroom 7 South.).

2-10-2021 Doc. #103 Brief Filed by Creditor Jeffrey M Mize.

2-11-2021 Doc. #104 First Amended Chapter 11 Plan. Certificate of Service: Filed. Filed by Debtor Robert J. Ambruster, Inc. (RE: related document(s)63 Chapter 11 Plan). (Redden-Jansen, Angela)

2-12-2021 Doc. #105 Scheduling Order (RE: related document(s) 99 Motion to File Claim After Claims Bar Date filed by Interested Party Deborah Drace). Hearing to be held on 3/15/2021 at 10:00 AM Bankruptcy Courtroom 7 South for 99,

2-12-2012 Doc. #106 Order to Strike Declaration and Affidavit of Deborah L. Drace In Support of Motion for 2004 Examination of Robert C. Drace. Deadline for Redaction 2/26/2021. (RE: related document(s) 91 Support/Supplement filed by Interested Party Deborah Drace).

2-12-2021 Doc. # 107 Order to Strike Standing Brief of Jeffrey M. Mize. Deadline for Redaction 2/26/2021. (RE: related document(s) 103 Brief filed by Creditor Jeffrey M Mize).

2-17-2021 Doc. # 111 Objection Filed by Trustee Stephen D. Coffin (RE: related document(s)86 Motion for Judicial Order Directed at the Chapter 11 Sub-Chapter V Trustee to

11

Conduct a Formal Investigation of Robert J. Ambruster, Inc., Motion for Evidentiary Hearing Filed by Creditor Jeffrey M Mize). (Coffin, Stephen)

2-23-2021 Doc. #112 Application for Leave to Proceed in Forma Pauperis Filed by Creditor Jeffrey M Mize

2-23-2021 Doc. #113 Reply in Opposition and Objection Filed by Creditor Jeffrey M Mize (RE: related document(s)111 Objection Filed by Trustee Stephen D. Coffin (RE: related document(s)86 Motion for Judicial Order Directed at the Chapter 11 Sub-Chapter V Trustee to Conduct a Formal Investigation of Robert J. Ambruster, Inc., Motion for Evidentiary Hearing Filed by Creditor Jeffrey M Mize).).

2-23-2021 Doc. #114 Combined Reply Response in Opposition Objection to the Response of Robert J Ambruster, Inc. and Motion to Strike the Response of Angela Jansen, Attorney on the behalf of Robert J Ambruster, Inc. Filed by Creditor Jeffrey M Mize

2-23-2021 Doc. #115 Motion to Amend by Redaction Fee Amount $26, Motion to Seal (RE: related document(s) 103 Brief). Filed by Creditor Jeffrey M Mize, Additional attachment(s) added on 2/23/2021

## VI. ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff alleges that the company representative (Robert C. Drace) on behalf of the debtor has violated 18 U.S.C. §§ 152, 1341, 1519, and 3571. Generally speaking, the actions of the defendant Robert C. Drace on behalf of the (Debtor) makes it unlawful for any person to employ "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the filing of a bankruptcy case" in a Federal Bankruptcy Court within the Eastern District of the State of Missouri. Such a purported claim would clearly fall under a misrepresentation cause of action. The statutes further provides that any person who "willfully and knowingly" engages in one of these unlawful acts "with the intent to defraud," shall be guilty of a felony and can result in fines up to $500,000 or imprisonment for up to 20 years, or both. The statute assigns the duty of the Court to commence criminal actions under this section. Which require a referral to the U. S. Attorney and/or prosecuting circuit attorney in their respective jurisdictions. Federal law shall be

the supreme Law of the Land; and the Judges in every State shall be bound thereby." U.S. Const. art. VI, cl. 2).

Generally, the measure of damages for conversion is the value of the property at the time and place of conversion. *In re Gerken,* 69 B.R. 251, 254 (Bankr.W.D.Mo. 1986). "[W]hen the property converted is the collateral of the plaintiff, the damages cannot exceed the balance due the plaintiff." *Id.* at 254.

2. On or about, 9-3-2020 Robert J. Ambruster, Inc., (debtor) filed voluntary Petition seeking protection from Creditors in the U. S. Bankruptcy Court, Eastern District of Missouri. (Doc. #1). This Voluntary Petition contained schedules, declarations, affidavits, matrix, and Addendums. The original Voluntary Petition indicates and purports that the defendant Robert C. Drace is the President of the debtor Robert J. Ambruster, Inc. Plaintiff allege that this is a misrepresentation of a material fact. Robert C. Drace, defendant was removed as President of the Debtor on 8-10-2020 by a quorum vote of the Board of Directors. Thus, the acts and conduct of the defendant constitutes a concealment of a material fact. That was intentionally done by the defendant Robert C. Drace behind the veil of the Debtor and was meant to deceive a Federal Judge for the sole purpose of personal self-enrichment of the defendant through the Reorganization Plan. This unlawful declaration of the defendant constitutes of fraud on the Court. Otherwise known as Bankruptcy Fraud.

3. On or about, 9-4-2020 Robert J. Ambruster, Inc., (debtor) filed an Amended Petition in the U. S. Bankruptcy Court, Eastern District of Missouri. (Doc. #4). The Amended Petition indicates and purports that the defendant Robert C. Drace is the President of the debtor Robert J. Ambruster, Inc. Plaintiff allege that this is a misrepresentation of a material fact. Robert C. Drace, defendant was removed as President of the Debtor on 8-10-2020 by a quorum vote of the Board of Directors. Thus, constitutes a concealment of a material fact. That was intentionally done by the defendant Robert C. Drace behind the veil of the Debtor and was meant to deceive a Federal Judge for the sole purpose of personal self-enrichment of the defendant through the Reorganization Plan. This unlawful declaration of the defendant constitutes of fraud on the Court. Otherwise known as Bankruptcy Fraud. Thus, the veil (shield) must be pierced to hold the defendant Robert C. Drace accountable for his deliberate malfeasance.

4. Plaintiff contends, that the Standing of the defendant must be reasonably questioned by this Court in the Adversary Proceeding for Declaratory Judgment in light of the representation of President by the defendant Robert C. Drace behind the veil of the debtor that was made in the Original Doc. # 1 and Amended Doc. #4 Petitions and because of the removal of the defendant as President on 8-10-2020. A party's standing may be challenged at any stage during litigation. Even in a bankruptcy procedure of law.

5. On or about, 9-3-2020 Robert J. Ambruster, Inc., (debtor) filed Voluntary Petition seeking protection from the U. S. Bankruptcy Court, Eastern District of Missouri. (Doc. #1). In the Voluntary Petition contained the mailing matrix. This Matrix was for the purpose of the Court Clerk to provide Notice to potential Creditors of the filing of a Bankruptcy procedure. Plaintiff alleges he was deprived of his due process right by the intentional acts and conduct of the defendant Robert C. Drace behind the veil of the Debtor. Defendant Robert C. Drace failed to include the Plaintiff on the Mailing Matrix. This denied Notice to the Plaintiff. This deliberate act deprived the Plaintiff to be informed of the 341 Creditors Meeting and the Proof of Claim deadline. Plaintiff did not learn about the 341 Creditors Meeting and the Proof of Claim deadline until he made a special trip to the Federal Courthouse on 11-23-2020. Defendant Robert C. Drace denied Plaintiff his right to substantive due process to protect his material genuine interests in the bankruptcy matter, and this denial directly contradicts the Missouri Constitution. This Court has the vested power and legal authority to validate the representations being made by the debtor that was provided by Robert C. Drace and Angela Jansen, Attorney, collectively prior to any payouts on non-dischargeable creditors. One type of debt that is discharged are those based on intentional wrongdoing of the party in bankruptcy. These include **criminal actions** or **torts** and often are based on **fraud and misrepresentation.** The Fifth Circuit has held that omitting a creditor from the creditor list has the same effect as omitting the creditor from the schedules. *See: Matter of Smith,* 21 F.3d 660 (5th Cir. 1994).

6. Plaintiff allege that the defendant was unjustly enriched at the expense of and to the detriment of the Plaintiff and the debtor. Plaintiff alleges the defendant Robert C. Drace is abusing the bankruptcy court and abusing the manner for which bankruptcy is to be utilized.

7. Plaintiff allege gross negligence against the defendant Robert C. Drace and is the direct reason for the underlying bankruptcy case having to be filed. Plaintiff further alleges that the bankruptcy matter was filed as a direct result of the defendant abandoned the debtor to work full time at a gas station. Under the domination control of the debtor the defendant Robert C. Drace demonstrated a lack of the duty of care in the day-to-day operation of the debtor. The defendant Robert C. Drace failed to pay the Bank Loan that he secured as a Trustee with Citizens National Bank using a primary Trust Asset as collateral without the approval of the Board of Directors. Further, the defendant Robert C. Drace failed to pay the property taxes on the real property known as 6633 Clayton Rd., Clayton, Mo. 63117 to the St. Louis County Collector of Revenue. More importantly, the defendant Robert C. Drace concealed and failed to timely disclose this material fact. Instead, the defendant Robert C. Drace chose to deviate from his responsibilities and diverted corporate funds (embezzled) for his own personal agenda. In the bankruptcy matter the defendant Robert C. Drace attempts to hide behind the Covid-19 pandemic as reason for the failing of the debtor. A clear misrepresentation made to a Federal Judge. In fact, the Funeral operation under the domination control of the defendant has been failing for years as the evidence will demonstrate. The gross negligence of the defendant Robert C. Drace is the direct result of the bankruptcy case. As a result, thereof, should the real property be sold, causing a wasted primary Trust Asset to be lost. The defendant Robert C. Drace must be held accountable. This adversary proceeding can do just that.

8. The Federal Court Bankruptcy Petition Doc. #1 and Doc. #4 the Plaintiff allege that defendant Robert C. Drace purports to be an officer and employee of the Debtor. The defendant Robert C. Drace owed the Plaintiff, the shareholders, the beneficiaries, and the Trusts a fiduciary duty of care, honesty, loyalty and prudence in the exercise of his duties. The defendant Robert C. Drace breached his fiduciary duties by failing to comply with the Corporate By-Laws (1931); by failing to comply with the requirements under chapter 351 RSMO; by failing to keep adequate books and records. Plaintiff further allege that No Corporate Meetings were held for the lawful election of Directors and Officers from 2011 -2021. More importantly here, after 8-10-2020. The defendant Robert C. Drace was removed as President of Robert J. Ambruster, Inc., by quorum vote of the purported Directors of the debtor on 8-10-2020. Further, the defendant Robert C. Drace owed a duty to this Federal Judge of honesty and integrity. The defendant failed. Thus, the veil (shield) must be pierced, and the defendant must answer for his misconduct.

9. The Federal Court Petition the Plaintiff allege that the defendant Robert C. Drace as a purported officer and employee of the Debtor owed the Plaintiff a fiduciary duty of care, honesty, loyalty and prudence in the exercise of his duties. The defendant breached his fiduciary duties in that he misappropriated Corporate funds in excess $250,00.00 and he converted Trust property in excess of $500,000.00 for his own use for personal enrichment. Plaintiff alleges the defendant made unauthorized advances of corporate funds to himself for personal items such as: increased salary; home improvements on his Brentwood, Mo., Rockhill, Mo., and a Trust property known as 48 Conway Lane "real properties". Plaintiff further alleges that the defendant Robert C. Drace embezzled Corporate funds more than $50,000.00 for the purchase of a Florida Condo known as the Spoonbill Lane "real property" in Naples, Florida. All done with malice and without the approval of the Board of Directors. The veil must be pierced to allow recovery of the embezzled funds and to compel the defendant to pay back the embezzled funds to the debtor.

10. Plaintiff allege that the defendant Robert C. Drace, upon the recent discovery and obtaining a copy of the defendants' divorce decree within the Missouri State Court of St. Louis County in Cause No. 16SL-DR03215. The defendant Robert C. Drace has misappropriated (embezzled) corporate funds. The defendant has diverted and vested those funds into separate accounts held by himself and his former wife in the amount of $300,000.00 over a period of time. Further, Plaintiff allege that in this divorce decree. The defendant agreed to pay all debt of the debtor dba Ambruster Chapel. Thus, based on this divorce decree and the representation made to this Court that the defendant will fund the Reorganization Plan Doc. #63 and Doc. #104. This Court should recognize the divorce decree agreement made by the defendant and recognize that the defendant purports to fund the Plan out of his own pocket. Thus, the defendant should be compelled to pay all debt of the debtor and remove the debtor from the bankruptcy court by Order of the Court.

11. This Adversary Complaint is to determine the dischargeability and/or for a determination of the validity of the State Court Judgment debt owed by the Plaintiff. Plaintiff allege the State Court Judgment was procured by a fraudulent Misrepresentation of Corporate 'Good Standing" made to the Missouri Secretary of State for the procurement of "Good Standing" Certificate by the defendant. That allowed for the representation of "Good Standing" to a Missouri State Court and has allowed the representation of "Good Standing" in this Bankruptcy case. Plaintiff further alleges that the representation of "Good Standing" as indicated in the Chapter 11 Plan Doc. #63

filed on 12-21-2020 and the First Amended Chapter 11 Plan Doc. #104 filed 2-11-2021 is false that constitutes a misrepresentation made to a Federal Judge and is meant to deceive this Court of 'issues of fact" in the procurement of a "Good Standing" status. In order to persuade this Court for confirmation of the Plan under fraudulent and misrepresentations demonstrated by the defendant Robert C. Drace behind the veil (shield) of the debtor.

12. Plaintiff argues the defendant Robert C. Drace behind the veil (shield) of the debtor Robert J. Ambruster, Inc., failed to comply with Missouri Law under Chapter 351 RSMO and failed to comply with the Corporate By Laws (1931) prior to the filing of the underlying bankruptcy case and prior to the representations that were made in the underlying bankruptcy procedure. 1. The representation of the Corporation "Good Standing". 2. The Representation of Robert C. Drace as President of Robert J. Ambruster, Inc., and corporate representative. 3. The representations of WasingerDaming, LC., Robert C. Drace, and Danka Brown listed as a creditor in this case. Without a showing of a "standard of proof" considering these purported debts of the debtor was not approved by the Board of Directors, nor approved by the Board of Trustees of which governs the debtor and are not rightfully owed by the debtor. The misguided representations made by the defendant is a misrepresentation meant to deceive a Federal Judge.

13. On or about, June 16, 2014 and July 25, 2014, the purported President at that time, the defendant in this case gave (provided) direction and instruction to WasingerDaming, LC., to execute a lawsuit against the Plaintiff. Without the lawful legal standing to do. On or about, 3-5-2015 the debtor filed a Petition in the St. Louis County Circuit Court Cause No. 15SL-CC00798 seeking damages and an injunction against the Plaintiff, Deborah L. Drace, and Ambruster Great Hall Events. The Missouri State Court (Goldman) (retired) entered a Judgment and Order against the Plaintiff, Deborah L. Drace, and Ambruster Great Hall Events on 3-1-2016 in the amount of $135, 509.00 and issued an injunction that barred the operation of Ambruster Great Hall Events. Plaintiff allege this judgment was procured by fraud and misrepresentations made to a Missouri State Court constituting Extrinsic Fraud and was a tort interference with Ambruster Great Hall Events.

14. Plaintiff allege that the Defendant Robert C. Drace on behalf of the debtor purports to this Court in the original Voluntary Petition Doc. #1 under Addendum A that a Judgment and Order was entered on 10-12-2017 against the Plaintiff was in the amount of $66,350.00 in relation to

17

Artwork purported to be owned by the debtor. In fact, Plaintiff contends the Judgment and Order issued by (Judge Brian H. May) that was entered against the Plaintiff on 10-12-2017 was in the amount of $35, 304.00 and had absolutely nothing to do with Artwork. The Judgment and Order was drafted by James Cole of WasingerDaming, LC. Plaintiff further alleges in the bankruptcy case this was a misrepresentation made by the defendant Robert C. Drace behind the veil (shield) of the debtor to taint the mind of a Federal Judge. This Judgment and Order along with the 3-1-2016 Judgment and Order and all Orders issued by the Missouri State Court in Cause No. 15SL-CC00798 has been vigorously contested back then and is contested now. These Judgments and Orders were procured by fraud and misrepresentations. These Judgments and Orders are being directly challenged as void in Cause No. 19SL-CC03583 and are now being challenged in this case as void. Cause No. 19SL-CC03583 was stayed due to the automatic stay of 11 U.S.C § 362. Plaintiff contends, that based on the discriminatory actions of the Missouri State Court against the Plaintiff by the Missouri State Court failure to properly to hear and dispose of pending Post Judgment moving actions for relief in Cause No. 15SL-CC00798 and the discriminatory actions of the Missouri State Court to timely and properly adjudicate Cause No. 19SL-CC03583 and Cause No. ED109300. Plaintiff moved the Missouri Supreme Court for Judicial en banc review for relief. The Missouri Supreme Court accepted the moving action of the Plaintiff and assigned Cause No. SC98940 (Jeffrey M. Mize, Rel v. St. Louis County Circuit Court, Res.) and is still pending...not disposed. Meaning under review by the Missouri Supreme Court. (Emphasis Added). This Adversary Proceeding addresses the dischargeability of the Judgment and Orders awarded to the Debtor on the Circuit Court Petition Filed on 3-5-2015. By the direction and instructions of the defendant to WasingerDaming, LC. The representation of Addendum A is a flagrant misrepresentation made by the defendant Robert C. Drace behind the veil (shield) of the debtor. Thus, the veil must be pierced in this adversary proceeding.

15. The Plaintiff argues that the evidence and documentation in this Adversary Proceeding will establish that the State Court Judgments is a debt for fraud and misrepresentations procured at the direction of the defendant Robert C. Drace. While acting in a fiduciary capacity as purported President of the debtor.

16. Plaintiff allege that the defendant Robert C. Drace behind the veil (shield) of the debtor engaged in a civil conspiracy with WasingerDaming, LC., (Michael K. Daming) to defraud the

Plaintiff, defraud the Missouri Secretary of State, and defraud a Missouri State Court in the procurement of Judgment and Orders. Plaintiff allege that the defendant on behalf of the debtor lacked sufficient legal standing to enter into a legal services agreement with WasingerDaming, LC., without the approval of the Board of Directors for the purpose of a malicious lawsuit against the Plaintiff. The defendant, now attempts to deceive this Federal Judge.

17. Plaintiff allege that the legal fees of WasingerDaming, LC of $117,000.00 is not the debt of the debtor. These legal fees are the responsibility of the defendant Robert C. Drace and must be declared as such. Since the engagement with WasingerDaming, LC., was not approved by the Board of Directors for the Debtor and the defendant lacked sufficient standing to retain and/or enter into a legal services agreement with WasingerDaming, LC. The false representation of the debt of the debtor as purported to be owed to WasingerDaming, LC must be discharged and forever barred against any collection method against the debtor and must be stricken from the record.

18. Plaintiff allege a close connection between the defendant Robert C. Drace and WasingerDaming, LC., (Michael K. Daming) can be satisfied by the execution of and registration of Mid-County Cremation Services, LLC on August 29, 2013 and is promoted on the debtor website of www.AmbrusterChapel.com. The execution and registration of Mid-County Cremation Services, LLC., was done one (1) day after Administrative Dissolution was issued by the Missouri Secretary of State on August 28, 2013. (Emphasis Added).

19. Plaintiff allege that WasingerDaming, LC., has failed to protect the interest of the debtor. WasingerDaming, LC., has represented the defendant Robert C. Drace as individual in several Missouri State Court cases (Cause No. 15SL-CC04013; Cause No. 16SL-CC0142; and Cause No. 16SL-PN01356) without approval of the Board of Directors. This presents a conflict of interest. WasingerDaming, LC., billed the debtor for legal services rendered to the defendant Robert C. Drace in the Missouri State Court cases. These State Court cases had absolutely no relation to the debtor. The legal fees of WasingerDaming, LC., must be reasonably questioned in this adversary proceeding for declaratory judgment. The legal fees of WasingerDaming, LC as a debt of the debtor as purported in this case by the defendant Robert C. Drace is a clear misrepresentation and must be discharged.

20. Plaintiff allege the debt of $25,000.00 as purported by the defendant Robert C. Drace owed by the debtor to Danka Brown is absolutely false. The debtor, nor the Board of Directors did not approve any services agreement with Danka Brown. The defendant Robert C. Drace was barred from engaging with Danka Brown for Services. This debt is the debt of the Defendant Robert C. Drace. The false representation of the debt of the debtor as purported to be owed to Danka Brown must be discharged and forever barred against any collection method of Danka Brown and must be stricken from the record.

21. Plaintiff allege the debt of $124,904.67 as purported by the defendant in the bankruptcy case owed by the debtor is a transparent misrepresentation made in a bankruptcy procedure. This is not a debt of the debtor. In fact, this stems from a Generation Skip Tax (GST) from the Charles C. Drace, III sub-trust allocated from the Trust of Jane Ambruster Beard. This GST originated in 2006 upon the death of Charles. The defendant was made aware of this tax due by the previous Trustee W. Layton Stewart. Again, On or about, 9-17-2008 the GST issue was again brought to the attention of the defendant by his own previous attorney John Garavaglia. The original amount of the GST was $60,000.00. Defendant Robert C. Drace failed to pay the tax knowing it was due and being appraised of it by numerous previous lawyers. The defendant allowed interests and penalties to be added in the amount of $64,904.67. The Internal Revenue Service (IRS) was going to seize the Trust property of 6633 Clayton Rd., Clayton, Mo. 63117. On or about, 9-5-2014 the defendant made a unilateral decision with (Cynthia Davenport IRS Agent) without consent of the Trustees of the Trust of Jane Ambruster Beard (1980) to use Artwork and furnishing valued in excess $500,000.00 to be seized and auctioned off to satisfy the GST debt. On or about, 3-19-2015 a scheduled IRS Auction was to take place at a storage facility known as "The Storage Center" in O'Fallon, Ill. On that date the defendant appeared and produced a cashier's check in the amount of the debt owned to the IRS for the GST debt to purchase back the items seized by the IRS. On or about, 8-6-2015 the defendant engaged in an agreement with Link Auction Galleries to auction off the items from the IRS Auction. Several of the items seized by the IRS are now listed in the bankruptcy case under Addendum D. These items that appear on Addendum D. Do not belong to the Debtor as indicated by the defendant Robert C. Drace. If these items can in any way be construed as property of the debtor. Then so should the property that is being concealed and hidden by the defendant from the bankruptcy procedure (i.e. valuable George Washington needle point, two valuable historic tapestries, a valuable Wood Carved

Conference Table, etc.). In any event the property listed on Addendum A, B, and in part of D are not owned by the debtor. In fact, none of the items listed in the bankruptcy case Addendum's that are purported by the defendant to be owned by the debtor is not listed on the IRS Tax Return Form 1120S (Asset Declaration) of the debtor from 2011-2017 to establish ownership. Even on the 2017 Tax Return filed in the bankruptcy case included in the original Petition Doc. #1.

22. Plaintiff allege that the property listed in the bankruptcy addendum's are not the property of the debtor. Thus, a transparent fabricated misrepresentation made in a bankruptcy case by the defendant Robert C. Drace. Further, Plaintiff argues that at no time from 2015-2020 has the defendant raised this debt at any Trustees or Directors Meeting. More importantly, this debt is not listed as a liability on any IRS Tax Return of the debtor. The false representation of the debt of the debtor as purported to be owed to the defendant must be discharged and forever barred against any collection method of the defendant Robert C. Drace and must be stricken from the record.

23. Plaintiff allege that the valuation as supplied to this Court by the defendant Robert C. Drace in relation to the Artwork and Furnishing of the debtor as indicated in Addendum A, B, and D is a misrepresentation and was deliberately done by the defendant to balloon the purported Assets of the debtor. The defendant has not provided a "standard of proof" that the Artwork and Furnishings were owned by the debtor, nor has the defendant provided a "standard of proof" of the valuation, nor has the defendant provided a "standard of proof" these items were acquired in 1931 or any other date thereafter.

24. Plaintiff allege that the defendant Robert C. Drace behind the veil (shield) of the debtor did tort interfere with the business operation of Ambruster Great Hall Events. Plaintiff was the Operations Director & Event Venue Coordinator for the social event operation. Ambruster Great Hall Events had a gross revenue of $236,000.00 annually and was doing approximately 125 Events a year. Plaintiff was earning $60,000.00 a year in compensation salary. Due to the tort interference with Ambruster Great Hall Events has caused the Plaintiff to be subjected to lost wages in the amount of $300,000.00 to date. Plaintiff has an equitable interest in the debtor property because of the lost wages and the expenses incurred in the amount of $45,000.00 for building repairs (Chimney Repair, Roof Repairs, basement glass block window repairs, Old Boiler removal and New installation), landscape, cleaning services after funerals and events,

terrasic floor repair etc. All approved by the defendant Robert C. Drace on behalf of the debtor. Plaintiff was subjected to a monetary loss of $5,000.00 for Matthew Nagel, Attorney and $60,000.00 to David DuRee, Attorney in Cause No. 15SL-CC00798. Plaintiff has an equitable interest, a pecuniary interest, and a material genuine interest in the debtor property because of the loss of funds that is directly caused by the defendant misconduct and malicious actions of Cause No. 15SL-CC00798 that has caused severe injury to the Plaintiff, unjustly and unwarranted and without good cause. Thus, placing liabilities upon the debtor who owes this debt. Bringing the actual total of debt owed by the Debtor to $410,000.00 and must be satisfied through this bankruptcy procedure of law. Plaintiff contends, due to the misconduct and malfeasance of the defendant. To ease the burden on the debtor and other creditors. Sanctions and/or Damages should be imposed against the defendant Robert C. Drace in the amount of $410,000.00 or in an amount this Court deems reasonable considering the acts and conduct of the defendant as a means of providing substantial justice. Rule 7026 incorporates Federal Rule of Civil Procedure 26 ("FRCP 26"), and Rule 7037 incorporates Federal Rule of Civil Procedure 37 ("FRCP 37"), both to apply in adversary proceedings. FRCP 26(g)(3) provides that the court *shall* impose "an appropriate sanction" upon an attorney or **party who falsely certifies** that discovery requests, **disclosures**, responses, or objections are, among other things, warranted, not used for an improper purpose, complete, correct and made after reasonable inquiry, and not unreasonable or unduly burdensome. Thus, courts often invoke a combination of sources for sanctioning authority to ensure that sanctions are appropriate.

25. Plaintiff allege that the defendant Robert C. Drace has occupied the "real property" located at 6633 Clayton Rd., Clayton, Mo. 63117 as his principal place of residence without the consent and approval of the Board of Directors and without paying rent to the debtor. Due to the present condition of the facility under the domination control of the defendant has caused oppression in the market value of the "real property". As the general appearance to potential buyers is unwelcoming due to the deplorable appearance and cleanliness of the facility. The defendant, on behalf of the debtor has obtained an order from the bankruptcy court to allow the debtor to pay the utilities so that the defendant can continue to utilize the facility as his principal place of residence. This is unacceptable. Thus, requires an Injunction Order issued by this Court to compel the defendant to vacate the premises and to remove his personal property within 14 days.

26. Plaintiff allege that the forgoing acts and conduct of the defendant that demonstrate misrepresentations was for self-enrichment of the defendant and has the appearance of fraud on the Court. Thus, constitutes the claim of Bankruptcy Fraud.

## VII. CONCLUSION STATEMENT

1. Plaintiff states the defendant actions and conduct described in the complaint here was not authorized by the Board of Trustees, nor authorized by the Board of Directors and was for the sole purpose of self-enrichment. The unlawful actions and conduct of the defendant "were fraudulent and the result of fraud or defalcation while acting in a fiduciary capacity for the purpose of embezzling and stealing monies and for a conversion of property belonging to a Trust and otherwise causing willful and malicious injury to the Plaintiff. Done with malice and wonton intent to cause substantial financial injury to the Plaintiff. For the foregoing reasons, for good cause and to maintain substantial justice. The Adversary proceeding Complaint should be accepted, assigned its own independent case number and allowed to proceed to full deposition of the claim. Thus, based on the evidence and the rule of law the following relief should be granted by Judgment and Order of this Court.

## VIII. PRAYER FOR RELIEF

Plaintiff prays this Court will accept the instant action for Adversary proceeding, will assign a case number for good cause in the interest of justice to sustain substantial justice.

Plaintiff further prays upon a proper adjudication of the merits and a determination of the 'issues of fact" based on the evidence and the rule of law. This Court should issue the following relief.

**Relief:**

1. Judicial Order to pierce the corporate veil.

2. The defendant Robert C. Drace, should be compelled by Judgment and Order to pay all costs, including investigation costs, court costs, Attorney and Trustee Attorney fees, and all fees incurred by the Plaintiff in the prosecution of this adversary proceeding.

3. A declaration determination of the validity of the State Court Judgments Cause No. 15SL-CC00798 used in connection with Schedule A/B Asset-Real and Personal Property Part 11 #74; #75 and as indicated in Addendum A.

4. The defendant should be compelled by Judgment and Order to pay all debt of the debtor in an expeditious timely manner within 30 days and to remove the underlying bankruptcy matter from the bankruptcy court upon satisfaction of all debt of the debtor based-on Cause No. 16SL-DR03215 Agreement and defendant purports to fund the Plan.

5. A discharge Order of the debt of $117,000.00 purported by WasingerDaming, LC., the debt of 124, 904.67 purported by Robert C. Drace, and the debt of $25, 000.00 purported by Danka Brown and an Injunction Order to bar any further collections efforts in both the Missouri and Federal Courts against the debtor.

6. A full and just adjudication for declaratory relief to the counts and allegations contain herein.

7. Sanctions and/or Damages against the defendant in the amount of $410,000.00 awarded to the Plaintiff.

8. An Injunction Order to compel the defendant Robert C. Drace to vacate the premises known as 6633 Clayton Rd. Clayton, Mo. 63117 as his principal place of residence and to remove all his personal items from the premises within 14 days. With further orders to permanently bar the defendant from using the "real property" as his place of residence in the future.

9. A Judgment and Order directed at the defendant to repay back to the debtor all misappropriated (embezzled) corporate funds.

10. A declaration determination as to the validity of, and a property exempt Order of all property listed in Addendum A, B, and in part of Addendum D, and an Order to compel the defendant to return all property removed for the location of 6633 Clayton Rd. Clayton, Mo. 63117 that was removed and/or removed to conceal from this court in the bankruptcy procedure.

11. A referral made to the U. S. Attorney and/or the Prosecuting Attorney of St. Louis County for criminal prosecution of the defendant.

12. And for any other Judgment and Orders this Court deems just, fair, and impartial under the premises here.

Respectfully Submitted,

By: Jeffrey M. Mize, Plaintiff, Pro Se

<table>
<tr><td colspan="2"><strong>ADVERSARY PROCEEDING COVER SHEET</strong><br>(Instructions on Reverse)</td><td><strong>ADVERSARY PROCEEDING NUMBER</strong><br>(Court Use Only)</td></tr>
</table>

| PLAINTIFFS<br>JEFFREY M. MIZE | DEFENDANTS<br>ROBERT C. DRACE |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>7635 W. Shore Dr.<br>Egg Harbor, WI. 54209<br>(920) 868-0299 | ATTORNEYS (If Known)<br>David Luce<br>8182 Maryland Ave., 15th Flr.<br>St. Louis, Mo. 63105 |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Judgment FRBP § 7001 (9)
Fraud and Misrepresentation Disclosures USBC § 527
Injunction F. R. Civ. P § 65; FRBP § 7065

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
⑤ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
③ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
④ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
① 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 410,000.00 |

Other Relief Sought
**Removal of Defendant as Corporate Representative**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Robert J. Ambruster, Inc. | BANKRUPTCY CASE NO.<br>20-44289-169 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Missouri | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>B. Clair |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Jeffrey M. Mize* |||
| DATE<br>3-1-2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey M. Mize ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.