UNITED STATES DISTRICT COURT
BANKRUPTCY DIVISON
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

2021 MAY 11 AM 10: 33

| | |
|---|---|
| In Re: | |
| ROBERT J. AMBRUSTER, INC., | Cause No. 20-44289 |
| Debtor, | Adv. P. No. 21-04013-B169 |
| JEFFREY M. MIZE, | Chapter 11 |
| | Sub-Chapter V |
| Plaintiff, | |
| v. | COMBINED MOTION TO COMPEL AND |
| ROBERT C. DRACE, | REPLY RESPONSE & OBJECTION |
| Defendant, | |

**MOTION TO COMPEL DEFENDANT TO PROVIDE A RESPONSIVE ANSWER
TO THE COMPLAINT
AND
REPLY RESPONSE IN OPPOSITION & OBJECTION TO THE DEFENDANT
ROBERT C. DRACE ANSWER & MOTION TO DISMISS**

**COMES NOW,** Jeffrey M. Mize, Movant/Plaintiff, Creditor, aggrieved interested party. Hereby, moves and provides his Motion to Compel Defendant to Provide a Responsive Answer to the Complaint and his Reply Response in Opposition to the Defendant Robert C. Drace Answer & Motion to Dismiss pursuant to applicable Bankruptcy Rule and procedure.

In Support thereof, Plaintiff states as follows in support.

**Jurisdiction over the Primary Lawsuit:**

I. This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a). This matter is a core proceeding as it involves the administration of the estate and the liquidation of assets of the estate. Specifically, abuse of process actions are core proceedings.

II. The Court should conclude that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Plaintiff has moved this Court to retain jurisdiction of this

1

adversary case because the underlying bankruptcy case is dismissed. Based on the improprieties involved in the underlying case. It would be an error on the Court not to retain jurisdiction to resolve the controversy before this Court. This Court dismissed the underlying bankruptcy case on 5-3-2021. During the hearing on 5-3-2021 this Court indicated that it would not be dismissing the adversary case due to the dismissal of the bankruptcy case.

**Diversity Jurisdiction:**

III. This District Bankruptcy Court has jurisdiction and is based on diversity of citizenship under 28 U.S.C. §1332. The principal place of residence for Robert C. Drace, defendant is in the State of Missouri, County of St. Louis.

Plaintiff Jeffrey M. Mize resides in the State of Wisconsin, County of Door.

IV. This Court has jurisdiction over this Adversary Cause and the parties therein. Because the complaint arose from the original bankruptcy case. This case could not only be a benefit for legitimate creditors of the debtor and this case could be a real benefit to the actual estate of the debtor. If this adversary case were allowed to continue and fully litigated in a fair and impartial manner consistent with the writings of the parties, the evidence to be induced, and the rule of law. It is well recognized in bankruptcy courts maintains board discretionary powers over an adversary proceeding. Even after dismissal of the underlying bankruptcy case.

V. Bankruptcy courts may hear adversary proceedings pursuant to 28 U.S.C. § 1334(b), which gives bankruptcy courts original but not exclusive jurisdiction over civil suits "arising in or related to" bankruptcy cases. Courts have "related to jurisdiction" if the suit "might have any conceivable effect" on the bankruptcy estate. ***Picard v. Fairfield Greenwich Ltd.,*** 762 F.3d 199, 211 (2d Cir. 2014) (quoting ***In re Cuyahoga Equip. Corp.,*** 980 F.2d 110, 114 (2d Cir. 1992)). The dismissal or closing "of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over [a pending] adversary proceeding which was related to the bankruptcy case at the time of its commencement. The decision whether to retain jurisdiction [is] left to the sound discretion of the bankruptcy court," which "must consider four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience to the parties, fairness and comity." ***In re Porges,*** 44 F.3d 159, 162–63 (2d Cir. 1995).

2

VI. Jurisdiction and Venue is proper.

**REPLY IN OPPOSITION AND OBJECTION STATEMENT**

I. Movant/Plaintiff filed this Adversary Proceeding because of the misrepresentations made on the original Petition in the underlying bankruptcy case that was filed by the defendant Robert C. Drace and the previous legal counsel Angela Jansen. (Doc.# 1). The original Petition included Schedules, Declarations, Affidavits and Addendums that was provided on behalf of the debtor. Movant/Plaintiff raised issues of improprieties demonstrated by the defendant on the original Petition with particularity. The misrepresentations provided the appearance of bankruptcy fraud in the underlying action and was meant to deceive the Court of real "issues of fact" as it relates to the debtor. Movant/Plaintiff argues that Judge Bonnie Clair should have scheduled an evidentiary hearing, use evidence, or waited for adversary proceeding to be completed, rather than dismissing case for Non-Confirmable Plan or failure to provide MOR's (Monthly Operation Reports) (Underlying Bankruptcy case Doc. #248). It should be noted that the negligence by the failure to supply the required MOR's in the underlying bankruptcy case, causing dismissal on 5-3-2021 was the responsibility of the defendant Robert C. Drace as purported debtor representative. (Person behind the Veil). This negligence also supports the Movant/Plaintiff claim of negligence. The negligence of Robert C. Drace has subjected the real property itself to a peril situation and has caused irreparable injury to the Movant/Plaintiff interests and must be held accountable. The defendant should not be allowed to escape the hands of justice. That justice in this case implores. It would be a complete manifest injustice not to allow this case to be tried to a full determination for judgment and order.

II. Judge Bonnie Clair herself, in her very first Order that involved the Movant/Plaintiff indicated there may be a need for an evidentiary hearing. (Doc. #69). Judge Clair failed to do so in the underlying bankruptcy case. Thus, violated the procedural due process rights of the Movant/Plaintiff. Judge Clair should have scheduled an evidentiary hearing since there was evidentiary information to expose a misrepresentation that needed to be presented prior to dismissal or conversion that was overlooked or simply silenced. These errors can be corrected here in this adversary case by allowing Case to continue for a judicial determination of the controversy that is before the Court. This Court in her Oral Order on 5-3-2021 indicated the

3

"feud" between the parties has been present for years, if not decades. This Court has the power and authority to bring closure to that "feud". As no State or Federal Court has done. It is time to stop the hemorrhage of fraud. That has now placed the real property itself in a catastrophic situation under the domination control of the defendant.

Because of the other averment issues before the Court that presented a clear controversy. The controversy is in the ripened state for a just determination. Which set the stage for a declaratory judgment action for a determination of "issues of fact" and a declaration of Movant/Plaintiff rights. The Court should require that further evidence, in the form of testimony, documents, or affidavits be presented in this case. At minimum, for good cause, this case should be allowed to continue through the pleading stage and discovery stage of litigation. As a means of providing an avenue to extract fact from falsehood. In other words, for a determination of truth. As our justice system is designed to expose. Thus, the defendant Motion to Dismiss, fails, and should be denied.

III. In this case, the underlying bankruptcy case was dismissed by the court's machinery without any care for the movant's rights on 5-3-2021. It will take a great deal of work for even a well-seasoned Attorney to have the dismissal set aside, and during the hiatus, the debtor could suffer irreparable damage through the loss of the building to foreclosure. The dismissal of a case is a very serious matter. Movant/Plaintiff challenges the dismissal rules for the failure to provide Movant/Plaintiff with his procedural due process prior to dismissal. Although, a bankruptcy court order is binding, even if wrong, if the court has an "arguable basis" for jurisdiction and did not violate the challenger"s constitutional due process rights. The Court in this case has violated the procedural due process rights of the Movant/Plaintiff. Movant/Plaintiff was entitled to have his pending Motions in the underlying action that were before the Court heard and disposed by a ruling of the Court prior to dismissal. This Court should not allow dishonest persons behind the veil of debtors to abuse the court system. Robert C. Drace and Angela Jansen, Attorney, collectively did attempt to defraud the Court, defraud creditors, defraud the estate, and defraud the Movant/Plaintiff for personal gain and enrichments. They were caught in their own web of deceit. The Withdraw of Angela Jansen, Attorney as debtor legal counsel was a strategic plan to cause dismissal. To disrupt the averments made in the underlying bankruptcy matter against the defendant and Angela Jansen, Attorney. The adversary case here, has merit, is justified, is

warranted, is permissible under the rules, and is supported by authority as indicated herein, and in other Movant/Plaintiff previous writings submitted in the underlying bankruptcy case. Thus, for this reason, defendant Motion to Dismiss should rightfully be denied.

IV. Movant/Plaintiff objects to the Defendant Motion to Dismiss. The Motion to Dismiss is not an Answer. Movant/Plaintiff understands the time for answering the complaint is automatically extended in both state and federal cases if the defendant instead serves upon the plaintiff a timely motion permitted under Rule 12, including a Rule 12(b) motion to dismiss the claim or claims asserted in the complaint. Although here, the Motion lacks any merit and is without good cause. The Motion fails to provide probative value that warrants dismissal. It is only a desperate attempt to silence the averments of fraud and misrepresentations alleged against the defendant. The defendant Motion should be denied, and the defendant should be compelled to provide a reasonable Answer within 10 days.

V. Movant/Plaintiff objects to the defendant Answer. The Answer does not Answer the Complaint. The Answer fails to provide any reasonable response to the complaint. Defendant Answer should rightfully be disregarded, and the defendant should be compelled to Answer the Complaint. Movant/Plaintiff has made valid and permissible claims against the defendant that require an answer and require a just adjudication. Movant/Plaintiff averments in the underlying case, as in the Adversary Petition, was described and articulated with specific particularity. It would be an outright abuse of discretion and a miscarriage of justice to dismiss this adversary case based on the information that is part of the docket record in the underlying bankruptcy matter. Plaintiff responds that Defendant is correct that the elements of fraud or negligent misrepresentation must be plead with particularity, but further responds that his petition meets these requirements. Specifically, Movant/Plaintiff argues that Plaintiff identified the "who, what, when and how of the alleged fraud. Movant/Plaintiff has complied with Federal Rule of Civil Procedure 9(b). Thus, according to the rule of law the defendant Motion to Dismiss should be denied. In the alternative Movant/Plaintiff requests an additional 20 days to amend his petition against the defendant.

## DISCUSSION AUTHORITY STATEMENT

I. The Adversary Petition states in general terms that the Defendant had actual knowledge of the wrongdoing, and that the Defendant "intentionally" or "negligently" omitted this information to

5

the Court. The Adversary Petition further states that Movant/Plaintiff reasonably relied on the representations to his detriment upon Defendant's fraudulent actions and omissions," and that as a result of these actions and omissions Movant/Plaintiff was exposed to the wrongdoings which caused the injuries suffered by the Plaintiff. Plaintiff's petition does mention the specific statements that Defendant made, or in the case of an omission, the duty under which Defendant was required to speak. See *Kesselring,* 74 S.W.3d at 814 ("non-disclosure amounts to a misrepresentation only when the person is under a duty to disclose."). Furthermore, in the case of a negligent misrepresentation Plaintiff has alleged that the misrepresentations were made in the context of a business relationship, or that the Plaintiff has suffered any pecuniary loss. See Id. at 813. It is certain Movant/Plaintiff can allege with particularity facts sufficient to state a claim for fraudulent or negligent misrepresentation. By extreme and outrageous conduct, Defendants have recklessly caused severe or extreme emotional distress to Plaintiff. Missouri law recognizes a claim for negligent infliction of emotional distress. *Asaro v. Cardinal Glennon Memorial Hospital,* 799 S.W.2d 595, 597 (Mo. 1990). Missouri courts recognize a cause of action for intentional infliction of emotional distress. See *Boss v. Deschu,* 768 S.W.2d 205, 207 (Mo.Ct.App. 1989). The Plaintiff should be given twenty (20) days to amend his complaint to comply with the federal rules of civil procedure. If the Court feels there is a need to Amend the complaint against Robert C. Drace. It is the role of this Court to determine, in the first instance, whether the alleged conduct of Defendant was sufficiently outrageous to sustain a cause of action. *Thornburg v. Federal Express Corp.,* 62 S.W.3d 421, 428 (Mo.Ct.App. 2001) ("It is for the court to determine. . .whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." The motion of the defendant should be denied. At minimum, to allow Rule 26(a) Disclosures and Discovery.

II. Movant/Plaintiff states that the dilatory conduct of the defendant in this case has caused considerable delay and prejudice to Plaintiff's ability to coordinate its activities in this potential multi-party litigation. Movant/Plaintiff has moved this court for leave to amend his petition. To Amend the specific complaint and name additional defendants. The defendant Answer & Motion to Dismiss is a back-door incompetent lawyer prepared instrument and that was simply signed by the defendant. To prevent evidentiary information from the record in this case. That will expose the defendant and prominent Missouri Lawyers in misconduct that pose severe liabilities.

6

III. Movant/Plaintiff contends that the defendant is further in non-compliance to the Courts order. Robert C. Drace was required by order of the Court to supply an Answer to the complaint on or before 4-9-2021 pursuant to F.R.C.P. 12(a). (Doc. #3). The defendant failed to appear and failed to Supply an Answer. The defendant was in default at that very moment. Movant/Plaintiff responds that this cause of action is sufficiently definite to place Defendant on notice of his claims. Although, Rule 12(b) similarly permits defendant to file a Motion to Dismiss addressing some of the plaintiff's claims. In this case, the defendant Answer, nor the Motion to Dismiss fails to address any of the Movant/Plaintiff claims, not one claim. The defendant has not asked for more definite statement for clarity, nor has the defendant moved to strike any averment against him. Moreover, on or about, 4-27-2021 Defendant Robert C. Drace stipulated in person before the Court. That he had received the original Complaint by U.S. Mail and stipulated that an Answer could be provided in one week. On or about, 5-4-2021 defendant Robert C. Drace filed his Answer to the Complaint (Doc. # 23). The Answer provided is insufficient. The defendant has failed to supply a reasonable Answer to the Petition as the defendant said he would do. Since the defendant has failed to reasonably Answer the Petition on 4-9-2021, and again on 5-4-2021. The defendant is in actual default. The defendant Motion to Dismiss must be denied and default judgment entered against the defendant for his failure to comply with the Courts order to provide an Answer. The defendant Motion to Dismiss and Answer appears to be drafted by John Charron, Attorney who was not permitted to practice law in this Court. John Charron signature appears as the Notary. Regardless, the Answer and the Motion to Dismiss is not supported by any caselaw authorities.

Unlike the Movant/Plaintiff averment complaint against the defendant. The adversary case itself, and the claims presented therein, is supported by a mountain of citation authorities. That not only provides jurisdiction to this Court to hear cause before the Court. Even after dismissal of the underlying bankruptcy matter. It is within the sound discretion of this Court to maintain this case to its conclusion. As a reasonable means of affording the standards of due process. The court should utilize that vested discretion and allow Movant/Plaintiff a genuine opportunity to be heard and fully prosecute his adversary case. After all Movant/Plaintiff did pay a $350.00 filing fee. In the underlying bankruptcy case. Movant/Plaintiff was denied a genuine opportunity to be heard, by the failure to hear and dispose any Movant/Plaintiff Motion and Objections that presented a genuine controversy. Movant /Plaintiff was denied the opportunity to submit exhibits

7

that clearly established a fraud on the Court has occurred in the underlying bankruptcy case. All of which has been extremely prejudicial to the Movant/Plaintiff.

## STANDARD OF REVIEW

A. **MOTION TO DISMISS:**

I. Under the Federal Rules of Civil Procedure a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The standards governing motions to dismiss are well-settled. <u>A complaint shall not be dismissed for its failure to state a claim upon which relief may be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief.</u> ***Breedlove v. Earthgrains Banking,*** 140 F.3d 797, 799 (8th Cir. 1998) (citing ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. ***Davis v. Monroe City Bd. of Educ.,*** 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "<u>may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint.</u>" *McMorrow v. Little,* 109 F.3d 432, 434 (8th Cir. 1997); ***Stone Motor Co. v. Gen. Motors Corp.,*** 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." ***Strand v. Diversified Collection Serv., Inc.,*** 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. ***Schuer v. Rhodes,*** 416 U.S. 232, 236 (1974). In this Case, it appears beyond a reasonable doubt that the Movant/Plaintiff can prove set of facts by the showing of substantial persuasive evidence in support of a claim entitling him to relief.

B. **MOTION FOR MORE DEFINITE STATEMENT:**

I. The Federal Rules of Civil Procedure provide that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "A motion for more definite statement

8

is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." ***Tinder v. Lewis County Nursing Home Dist.***, 207 F.Supp.2d 951, 959 (E.D.Mo. 2001) (internal citations omitted). This is a stringent standard, which, in light of the liberal notice pleading standards of the federal rules, is rarely met. ***Meridian Enterprises Corp. v. Bank of America Corp.***, 2006 WL 3210497, at *1 (E.D.Mo., Nov. 3, 2006) ("motions for a more definite statements are rarely granted"). These pleading rules require only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." ***Conley v. Gibson***, 355 U.S. 41, 47 (1957). Rule 12(e) further requires that the party seeking a more definite statement "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). As one court interpreted this rule, "Rule 12(e) is a remedy for unintelligible pleadings; not a tool to correct a claimed lack of detail." ***Kia Motors America Inc. v. Autoworks Distributing***, 2006 WL 2943306, at *3 (D.Minn., Sep. 28, 2006).

II. The Federal Rules of Civil Procedure provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In order for the Court to determine whether Plaintiff has satisfied this requirement, it is necessary to determine the elements Plaintiff is required to prove in order to state a cause of action for fraudulent misrepresentation or negligent misrepresentation; for this the Court should turn to Missouri law. In ***Sofka v. Thal***, the Missouri Supreme Court listed the elements of a fraud claim which plaintiff must prove: "1) a representation, 2) its falsity, 3) its materiality, 4) the speaker's knowledge of its falsity, or his ignorance of its truth, 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, 6) the hearer's ignorance of the falsity of the representation, 7) the hearer's reliance on the representation being true, 8) his right to rely thereon, and 9) the hearer's consequent and proximately caused injury." 662 S.W.2d 502, 506 (Mo. 1983). The elements of a claim for negligent misrepresentation under Missouri law are similar. The Plaintiff must show :"(1) the speaker supplied information in the course of his business; (2) because of the failure by the speaker to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of a limited group of persons in a particular business transaction; (4) the listener justifiably relied on the information; and (5) due to the listener's reliance on the information, the listener suffered pecuniary loss." ***Kesselring v. St. Louis Group, Inc.***, 74 S.W.3d 809, 813

9

(Mo.Ct.App. 2002). The court in *Kesselring*, notes that there are two differences between a cause of action for fraud and negligent misrepresentation; namely fraud "requires that the person knowingly or recklessly supply false information... [and] negligent misrepresentation requires that the information be supplied in the course of the defendant's business." Id.

III. The Eighth Circuit has stated that "to satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including where the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel Joshi*, 441 F.3d at 556. Looking at the pleadings in the underlying action and in this adversary case requirements for fraud in conjunction with the elements of a claim under Missouri law, this Court without doubt should be convinced that the Movant/Plaintiff has plead with sufficient particularity the elements required for a complaint to be successful. The petition in this case states in general terms that the Defendant had knowledge of the wrongdoings. The Defendant "intentionally" or "negligently" omitted information from this Court. Thus, states a claim for relief. The five elements, each of which the creditor must demonstrate by a preponderance of the evidence, are: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. *American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir. 1997); *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1086 (9th Cir. 1996).

IV. A district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if 'the plaintiff fails to prosecute or to comply with [the Federal Rules or] a court order." *Smith v. Gold Dust Casino,* 526 F.3d 402, 404 (8th Cir. 2008) (quoting Fed. R. Civ. P. 41(b)). It cannot be said in this adversary matter, or in the underlying bankruptcy matter that Movant/Plaintiff has not diligently attempted to expose the misconduct of the defendant and prominent Missouri lawyers that has placed the building "real property" and the Movant in the situation of present. Fed. R. Civ. P. 41 (b) is not applicable here for dismissal here. Movant/Plaintiff has not exerted conduct exhibiting a pattern of intentional delay. *Fletcher v. Southern Farm Bureau Life Ins. Co.,* 757 F.2d 953, 956 (8th Cir. 1995).

**ABUSE OF DISCRETION:**

A court "has 'abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence,' *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), or rendered a decision that 'cannot be located within the range of permissible decisions,' *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)." *In re Sims,* 534 F.3d 117, 132 (2d Cir. 2008).

On that note and for the record here. Also relevant, none of the comments or actions of the Movant/Plaintiff during the procedures of the underlying bankruptcy case is whether the plaintiff's actions "had the effect of attacking the integrity of the court." *Rodgers*, 135 F.3d at 1219. Movant/Plaintiff contends they was not. (Emphasis Added).

## CONCLUSION

The Motion to Dismiss lacks sufficient merit and lacks any probative value that warrants dismissal.

Wherefore, for the foregoing reasons and good cause. Movant/Plaintiff prays this Court will issue an order that denies the Motion. At minimum, to allow Rule 26(a) Disclosures and Discovery. The defendant Motion should be denied, and the defendant should be compelled to provide a reasonable Answer within 10 days. Thus, according to the rule of law the defendant Motion to Dismiss must be denied and default judgment entered.

In the alternative, Movant/Plaintiff requests an additional 20 days to amend his petition against the defendant and for any further Orders this Court deems just and proper under the premises.

Respectfully Submitted,

*/s/ Jeffrey M. Mize*
Jeffrey M. Mize, Movant/Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document "Combined Motion to Compel and Reply Response in Opposition and Objection" was submitted on the 7th day of May 2021, with the United States Bankruptcy Court, and should be served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was submitted to the United States Bankruptcy Court and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to the parties listed below on the 7th day of May 2021.

*/s/ Jeffrey M. Mize*
Jeffrey M. Mize, Pro Se
7635 W. Shore Dr.
Egg Harbor, WI. 54209
(920) 868-0299
ambrustergreathall@gmail.com

CC:

Robert J. Ambruster, Inc.
6633 Clayton Rd.
St. Louis, Mo. 63117
*Debtor,*

Robert C. Drace
6633 Clayton Rd.
St. Louis, Mo. 63117
*Defendant,*

Trustees:

Stephen D. Coffin, Trustee
The Small Business Law Center
2705 St. Peters-Howell Rd. Ste.# A
St. Peters, Mo. 63376

Joseph Richard Schlotzhauer, Asst. U.S. Trustee
United States Trustee Program
111 So. 10th St., Ste. 6.353
St. Louis, Mo. 63102

Secured/Non-Secured Creditor:

Ameren UE
Bankruptcy Desk MC 310
PO Box 66881
St. Louis, Mo. 63166

Janie S. Hovis – jhovis@ameren.com

Batesville Casket Company  christy.eaton@Hillenbrand.com
PO Box 644559
Pittsburg, Pa. 15264-4559

Bernard and Patricia Elkin
4468 Forder Ridge Rd.
St. Louis, Mo. 63129

Citizens National Bank of Greater St. Louis  steve@eckelkampkuenzel.com
c/o Steven T. Hart
7305 Manchester Rd.
St. Louis, Mo. 63143

Crescent Memorial
4975 W. Main St.
Tupelo, Ms. 38801

Criswell Casket Co.  Thomas Adamczyk- tadamczyk@matz.com
c/o Matthews International
2 North Shore Center
Pittsburg, Pa. 15212

Deborah L. Drace
d/b/a Ambruster Great Hall Events
7635 W. Shore Dr.
Egg Harbor, Wi. 54209

JP Morgan Chase  DJS@rasflaw.com
Robertson, Anschutz, & Schneid, P. L.
6409 Congress Ave.
Boca Raton, Fl. 33487

JS Paluch Co. Inc.  customercare@pspalvch.com
PO Box 2703
Schiller Park, IL. 60176

LPI
PO Box 510817
New Berlin, Wi. 53151-0817

Missouri American Water  csc.bankruptcy@amwater.com
PO Box 578
Alton, IL. 62002

Missouri Department of Labor & Ind. Rel.
PO Box 475
Jefferson City, Mo. 65105

Republic Service
PO Box 9001099
Louisville, Ky. 40290-10099

13

Sams Club MC/SYNCB  gecsedi@recoverycorp.com
PO Box 960016
Orlando, Fl. 32896-0016

Spire  LGCBankruptcyLegal@spireenergy.com
Drawer 2
St. Louis, Mo. 63171

The National Directory of Mortuaries
PO Box 73
Chagrin, Oh. 44022-0073

Thomas B. Hayes  tom@hayeslawstl.com
11647 Gravois Rd., Ste. #100
St. Louis, Mo. 63126

Travelers Insurance
J. Thomas Company, Inc.
800 Market St., Ste. #1655
St. Louis, Mo. 63101

Chase Card Member Services  David Levy – chasepocnotification@rasflaw.com
PO Box 6294
Carol Stream, IL. 60197-6297

Division of Employment Securities  sbse.cio.bnc.mail@irs.gov
PO Box 3100
Jefferson City, Mo. 65102

Internal Revenue Service
PO Box 7346
Philadelphia, Pa. 19101-7346

Missouri Department of Revenue  Joann Talluer – joanne.talluer@mo.dor.gov
PO Box 475
Jefferson City, Missouri

Missouri Funeral Directors & Embalmers  lori.hayes@pr.mo.gov.
1757 Woodcliff Dr., Ste. # 202
Jefferson City, Mo. 65109

MSD  Karen McDowell – kmcdow@stlmsd.com
PO Box 437
St. Louis, Mo. 63166

St. Louis County Collector of Revenue  Robert Fox – rfox@stlouisco.com
41 S. Central Ave.
St. Louis, Mo. 63105

| | |
|---|---|
| Hydro Chemical<br>520 Commerce Dr.<br>Lansdowne, Pa. 19050-3076 | websales@hydrochempsc.com |
| Carmody Macdonald, PC<br>120 So. Central Ave., Ste.# 1800<br>St. Louis, Mo. 63105 | Thomas Riske – thr@carmodymacdonald.com |
| WasingerDaming, LC<br>1401 So. Brentwood Blvd. Ste. # 875<br>St. Louis, Mo. 63144 | jcole@wasingerdaming.com |
| Robert C. Drace<br>6633 Clayton Rd.<br>St. Louis, Mo. 63117 | midcountystl@yahoo.com |
| Danka Brown<br>6614 Clayton Rd. #122<br>St. Louis, Mo. 63117 | unavailable001@yahoo.com |

15